**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IN RE FACTOR VIII OR IX        )     MDL 986
CONCENTRATE BLOOD PRODUCTS   )
LIABILITY LITIGATION         )     93 C 7452
                                )
-----------------------------------
                                )
DOMENICO GULLONE, et al.,    )
                                )     This document relates to:
          Plaintiffs,   )
                                )     1:03-CV-8928
   v.                         )
                                )
BAYER CORPORATION, et al.,   )
                                )
            Defendants.   )

## FINDING AND DIRECTION PURSUANT TO RULE 54(b)

This is one of a number of recent cases transferred to this
court by the Judicial Panel on Multidistrict Litigation for
consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  In
an earlier phase of this same multidistrict litigation, which
involved some appellate reviews, the plaintiffs were all United
States citizens.  Those claims have all been resolved, either by
settlement or trial.  The new cases, which make up the "second
generation" of the MDL, were filed in this and various other
federal districts beginning in 2003.  Many of the plaintiffs in the
new cases are citizens of foreign countries, and it is the position
of the defendants that most if not all of the foreign claims should

be dismissed under the doctrine of *forum non conveniens.* The first of a series of *forum non conveniens* motions the defendants expect to file in regard to the foreign plaintiffs was the motion filed in the instant case, <u>Gullone v. Bayer Corp.</u>, seeking dismissal of the claims of the eight plaintiffs who are citizens and residents of the United Kingdom (the "U.K. plaintiffs."). Of the remaining ten plaintiffs in the case, five are citizens and residents of Italy two are citizens and residents of Germany, two are citizens and residents of Israel, and one is a citizen and resident of the United States.

This <u>Gullone</u> case was filed in the Northern District of California. Defendants' motion to dismiss the claims of the U.K. plaintiffs was based upon the argument that the United Kingdom is an available and adequate forum that is more convenient than the Northern District of California for the adjudication of the claims. After considering the extensive briefs filed by the parties, this court granted the defendants' motion in a memorandum opinion filed January 5, 2006. We found that the U.K. forum is available, adequate and more convenient for the adjudication of plaintiffs' claims than is the Northern District of California.

The plaintiffs disagree with this ruling and desire to appeal from it. However, because the claims of the remaining ten plaintiffs are still pending, the U.K. plaintiffs will be unable to appeal the dismissal of their claims unless, pursuant to Federal Rule of Civil Procedure 54(b), this court directs entry of a final

judgment dismissing those claims upon an express determination that there is no just reason for delay.

It is our determination that there is in fact no just reason to delay entry of a final judgment dismissing the claims of the U.K. plaintiffs, or to delay their appeal from that judgment, for the following reasons:

First, a judgment entered in accordance with the Memorandum Opinion of January 5, 2006, would be final in all respects as to these U.K. plaintiffs, in that it would deprive them of any further right to pursue a remedy in the United States District Court for the Northern District of California. For instance, no amendment to the complaint could change the ruling of this court in regard to the relative convenience of the United Kingdom versus the Northern District of California.

Second, the merits of this court's decision to dismiss the claims of the U.K. plaintiffs are separate from any issues that remain undecided as to the Italian and German plaintiffs in the case. Even if the defendants should later move to dismiss those claims on the basis of *forum non conveniens*, the facts relevant to such motions would largely be different from the facts we considered in deciding to dismiss the U.K. claims. The *forum non conveniens* analysis is forum-specific, requiring a close examination of the adequacy of the proposed alternative forum. A

large portion of our 46-page memorandum opinion is addressed to the adequacy of the U.K. forum.

Therefore, even assuming that the remaining claims in this case were ultimately dismissed on the basis that the Italian and German fora are more convenient than the Northern District of California, it is not likely that appellate review of those dismissals would involve any appreciable duplication of the effort required by appellate review of our decision regarding the United Kingdom.

Third, delaying appeal of the dismissal of the U.K. claims could cause serious prejudice to the U.K. plaintiffs. They would be in a legal limbo, not knowing whether to refile their claims in the United Kingdom or wait an indefinite period of time to learn whether the dismissal of their Northern District of California claims might ultimately be reversed on appeal, enabling them to proceed in their preferred forum.

Fourth, if this court made any error of law in its decision regarding the U.K. forum, the error could be repeated in rulings on a series of *forum non conveniens* motions the defendants expect to file in regard to other foreign plaintiffs. It is likely that judicial economy would be promoted by an appellate ruling on what has occurred thus far.

Accordingly, pursuant to Rule 54(b), this court determines that there is no just reason to delay entry of a final judgment dismissing the claims of the U.K. plaintiffs in this case on the

basis of *forum non conveniens*, or to delay appeal from that judgment, and it directs the entry of a final judgment of dismissal on the terms and conditions set forth in this Court's Memorandum Opinion of January 5, 2006 and Defendants' January 19, 2006 Amended *Forum Non Conveniens* Statement.

DATED:    February 1, 2006

ENTER:    _____
          United States District Judge